Kari Hong, I'm representing Appellants Global Horizons. Below, before the district court, Global Horizons presented five legal and constitutional challenges to the administrative order, which was raised in its complaint. And then in its application for a preliminary injunction, it repeated five legal and constitutional challenges, submitted affidavits and newspaper articles to substantiate irreparable harm to itself and to third parties, and did not list any known harm to the government if an injunction issued during while the merits of the case were heard. The district court denied relief. And today I'd like to point out that the district court made three legal errors in its denial. The court only has to agree with me on one of these issues to grant relief. The first issue was that the district court ruled that there were no serious legal issues and no likelihood of success on the merits of the case. The district court's decision, however, only took into account one of the five legal issues that were raised. What is notable is that the ALJ, or the district court did not consider the issue that the regulation at issue only imposes a two-year penalty. And the ALJ ordered a three-year penalty for the regulations. That doesn't strike me as important for a preliminary injunction. You're gonna have the final injunction before us in less than two years, that is if you choose to do so. Our cases on preliminary injunction are clear. We expect counsel to pursue you as quickly as possible in the trial court with a permanent injunction because we've made our cases clear that these are temporary rulings and we'll give final rulings when the permanent injunction is here. You have not done that. There has been nothing that's occurred in the trial court except continuances after continuance. And I don't think that you're in a position to argue that you can't get it up here in two years when you have not proceeded with a permanent injunction as our cases make clear you should. How doesn't that foreclose you from making this argument now? Well, I'm not familiar what's happening with the district court right now, but- I can let you know. I looked it up. But even if that's the case, I think one of the most important issues is that the level of harm that has been caused by this injunction was an issue that was raised to the district court. But your argument here is the three-year issue instead of the two-year issue. And I'm suggesting to you that that can be handled on the permanent injunction and we don't need to get to it in the preliminary injunction. If that could occur, yes. However, there were three other issues that the district court did not consider, which was allegations of due process regarding the procedures, that the procedures were void and vague with respect to how a hearing was first considered. In this area, the regulations are completely silent regarding how a government initiates proceedings, how much time a respondent has to request a hearing. Those are cognizable legal issues that at a minimum, under privatera, the district court should consider and evaluate when determining whether, actually, a preliminary injunction should issue or not. And on that issue about the vagueness and voidness of the clear procedure, I'd like to bring to your attention, and this was raised in the complaint and in the preliminary injunction, that under the record... Counselor, let me ask you a question which is of some concern to me. These issues that you now suggest are raised to the district court. Did they need to be raised to the administrative law judge? Yes, and they were. And they were? Yes. The record suggests, where were they raised? In the... The ALJ actually engaged in the process that we're asking the district court, or for this, make sure that the district court does the same thing. In the ALJ order, which is found at ER 32 to... Looks like 41. That's the decision and order denying respondents emergency application for a stay. That was dated December 26, 2006. All these issues were raised to the ALJ, and the ALJ properly considered irreparable harm, the balance of public interest, and also the legal issues. Well, my worry was not necessarily the possibility of irreparable harm and the balance of hardship, so I was sure that he talked about that. My worry was the legal issues, which you now want to raise in front of us. And you suggest that the district court should have considered them in making their decision. If they were raised in front of the ALJ sufficiently in your mind, and they needed to be raised there, and now the district court, on reviewing the ALJ's decision, and seeing all parts of that decision, and laying out the proper, if you will, standards, likelihood of success on the merits and possibility of irreparable harm, serious questions going to the merits, and balance of hardship tips in its favor, and he saw what you're suggesting is in the record with the ALJ, and still determined that there wasn't a likelihood of success, nor a serious question going to the merit, then how do I determine that he has abused his discretion? If it was already in the record, he saw it, and he had a chance to see what the ALJ was thinking about. The district court's review is de novo, and it has- I understand that, but- So there's no deference to the ALJ decision. The only thing we're asking for at this merit is not for the Ninth Circuit to resolve these issues, but rather to make sure that the district court complies with Privatera, which it has to weigh and consider and evaluate all the issues that were raised to it. Well, I understand, but what I'm, again, suggesting, my standard of review at the Ninth Circuit is an abuse of discretion, and I see the district court, and you're suggesting to me that the district court had under it an evaluation by the ALJ of all of these issues. The district court laid out the, if you will, the standard review for determining a preliminary injunction, and this was an ex parte preliminary injunction. And at that point in time, having seen what the ALJ did, and if you say he addressed all the issues which you now have given to the district court, district court read his opinion, read what he did, gave quite a bit of analysis, has said that he had done quite a bit of work at trying to determine it, and the bottom line was with the district court, if it read through to me, this, if you will notice, came to the Office of Council for Global Horizons on the seventh day with an opportunity then to do something, but it was the procedures in the Office of the Council that caused it not to be able to do what it needed to do at the appropriate time. I mean, the ALJ went through all of the things that needed to be done or could have been done, and then eight days later, somebody did something about it. If the ALJ had listed the four issues which you consider to be important, plus these other issues, and the district court then looks over this and sees what's there, why isn't it abuse of discretion? I would contend that there are two reasons, there are two answers to your question. First, as a matter of fact, when weighing public harm, the ALJ expressly said that this regulation or this disbarment will only prospectively affect new work, new clients, new business. What happened after the district court, or after the ALJ issued its decision, and this is at ER 28 to ER 34, is that the DOL relied on the ALJ decision to cut off and deny existing applications that had already been submitted to the DOL. That means 55 workers were denied an opportunity to work and the farmers did not receive those workers. That harm had not come into play at the time that the ALJ considered whether public harm would incur from a failure to stay its order. This public harm was raised to the district court and the district court never considered it. Well, to be fair, if he found there was no serious question relating going to the merits and there's no likelihood of success on the merits at all, the necessity to weigh irreparable harm and hardship tipping is gone. And that's what he found. Why weigh those if there's no likelihood you're going to win at all? Well, the ALJ actually, I think what's notable is that its equitable theory, its equitable tolling theory was an issue that it expressly asked briefing for because it was a novel issue and novel application. The district court had an opportunity to determine whether this was the proper application. There's no precedent and the ALJ said as much when it decided against global in that respect. When there is a novel issue about whether this was properly applied in a proper standard in this context, there is case law cited in the brief that the district court should tip towards showing that when there are novel issues at play that an injunction should issue because that does present a serious issue. I didn't get that. There's case law in your brief stating what? That when a novel issue is presented for preliminary injunction relief, that that is deemed a serious legal issue that the court should take into effect in their balancing consideration. Always a serious legal issue? Pardon? Always? We have case law that says it's always a serious legal issue? No, actually this is a district court case from Hawaii which recognized- A district court case from Hawaii, okay. Which recognized that a novel issues present serious issues. Let me ask you a question. Here it seems the district court says there's no serious question going to the merits of the claim and didn't weigh the harms. Now I haven't found a Ninth Circuit case on that. That is we have this balancing thing which we did 30 years ago so we wouldn't have to take a case in bank so we ended up with this balancing position. We've worked with it ever since and I guess it works okay. But we don't have a case saying that if there's not a right, it's not a right, it's a serious question going to the merits of the claim, the district court doesn't have to address the harms. That is that's a basic minimum and you don't get to balancing until that happens. We don't have that case. But two other circuits do, the Third and the Sixth. Why shouldn't we join the Third and the Sixth case as we have to decide this case now because the issue is before us for the first time so it'll be a published disposition. Why shouldn't we join the Third and Sixth Circuit that says there is this minimum of you have to have a serious question going to the merits of the claim before you ever get into balancing? Why shouldn't we do that? Why should we create a conflict, inter-circuit conflict? If this record supported that position, I would agree fully. The difference is that that's not the case we have here. And the reason why we don't have that case is that the district court did not consider in a way four separate legal issues when determining no serious legal issues existed. This then falls into privatera. If I understand your answer, you have no contention against following the Third and Sixth. What you're saying is that in fact, there was a serious question going to the merits that was raised. Yes, and actually what privatera requires is that when it appears from the record that the district court did not evaluate all of the legal issues that were presented to it, the proper remedy is to remand it to the district court to consider those issues and then determine whether injunction would be proper. And what are the serious issues that indicate the district judge abused its discretion when it held that Global did not raise a serious question going to the merits of the claim? Where is the abuse? I think one of the most important is that there are constitutional and due process arguments being raised to those regulations as applied and on their face with respect to whether a company can be disbarred without a hearing. The regulations, which is 20 CFR 65.110 is notably silent and actually 112 is the, regarding de novo curing under section B, it simply says one request for hearing whenever an employer has requested a de novo hearing before an administrative law judge. There is no procedure requiring what the government has to do, how much time is necessary and what an employer needs to do to be able to adequately reply. Should it be replied by fax, by overnight mail, by letter, by certified mail? These procedures, which the ALJ cited to when it actually denied relief are present in every other context in which the government determines whether an appeal or hearing would be necessary. That indicates that there's some notice you feel is absent, but your client has been through this process 18 times. This is a fertile field for your client. Indeed, there's a, out of the Hawaii case, your client has been heavily involved. Why is there any prejudice? Your client knows all the rules, has been through the process, probably knows more than anybody else, including us. Well, as the ALJ decision noticed in the Hawaii case, the district court actually sent the notice to the wrong address. And so Global wasn't allowed to reply. Yeah, and so the ALJ said, okay, you get seven days for when you got the notice. And what's important here is that Global did not get the notice until, the legal department did not receive notice of it until seven days. There's a difference there. There's a difference between Global getting it and the legal department. There's nothing in the record that says when the legal department got it, nothing. All we know is with Global, and that's all they have to serve. They don't have to serve the legal department. They have to serve Global. Well, I would pretend the issue though, is that is seven working regular days adequate under the procedures? In every other context, it's 10 business days. It's 15 days, it's 20 days, it's 30 days, it's 60 days. In other government regulations, that's the time that's given. Seven days that they gave is constitutionally void? Pardon? Seven days is a constitutional infirmity? Well, that is the challenge, that this was not enough time, that this was not adequate and meaningful notice. And that's a legal issue that does go to the merits, which the district court at a minimum should weigh. With the permission of the court, I'd like to reserve time if this is a good time to break. Thank you. Thank you. Good morning, your honors. Good morning. May it please the court. My name is Ira Daves. I'm an Assistant U.S. Attorney for the Central District of California. And I will be arguing on behalf of the Appalese Department of Labor and the Secretary of Labor. I'll first start with a brief overview of the argument. I'll be making four essential points, all underscoring that this appeal contravenes well-established Ninth Circuit law. My first point is that Global Horizons' contention that the survival of its business depends upon this appeal is disingenuous. Because, as the court noted in its questioning of opposing counsel, Global Horizons has done nothing to diligently prosecute the underlying action. Am I correct on this? I looked in there and the government answered in April of this year and there's been nothing but continuances of scheduling hearings since then. That is correct, your honor. In fact, in March of this year, the district court issued an OSC rate why the case should not be dismissed for failure to prosecute. Global Horizons, after that, requested a two-month continuance of the scheduling conference. In fact, there has been no scheduling conference yet in the underlying case. The scheduling conference is currently set for November of this year. November the fifth. Actually, with some diligence, this case could have been through the scheduling order into any discovery and could be well along the way towards trial, but it has done nothing other than at the pleading stage. That's correct, your honor. This is a simple APA review case. The parties could have submitted briefing on the case. The Global Horizons could have requested an expedited briefing schedule. They could have alternatively filed a motion for summary judgment to have this matter heard on the merits so that this court would not be faced with deciding whether or not to reverse an injunction that was based on a next party application for a TRO where the declarations were not challenged. There was no opportunity to challenge Global Horizons declarations regarding their alleged irreparable harm. So the court has scant briefing on the issue. The district court has scant briefing on the issue, but nevertheless, Global Horizons has pursued this appeal as if it would go out of business absent a decision by this court, which is simply not true. The next point I would like to make is that there was no need for the district court to reach the irreparable harm or public interest arguments because this court, 30 years ago, in the Benda and Sports Forum cases, rejected the very argument that Global Horizons is now putting forth, and that is that if there is, even if there is no showing of a likelihood of success, the court nevertheless must reach the irreparable harm and public interest tests. In the Sports Forum case, and I might as well proceed and quote from that case since Judge Wallace said that there was no Ninth Circuit case on point, I read language to the following. The district court, and this is from Sports Forum, the district court applied this standard. He held that Sports Forum had failed to show any chance of success on the merits. That conclusion was made a determination of potential injury or balancing of hardships unnecessary. So the court did deal with this issue and rejected the argument that is the primary basis for Global Horizons argument. What's the name of the case? It's a case that was actually Judge Wallace's case from 1979. It's the Sports Forum case, and the site is 686 F2nd, 750, and I quoted from page... 753. And it's Benda, B-E-N-D-A? Yes, it's actually Sports Forum quotes Benda. Oh, Sports Forum case. Okay. That wasn't cited in your brief, was it? I believe, I'm not sure if Sports Forum was cited in the brief, I'm sorry. That's all right, it's good law. It's still good law, I shepherdized it, it's fine. It's on all fours. The third argument is that the district court did not abuse its discretion by finding no likelihood of success on the merits and no serious questions which would call for balancing because Global Horizons amazingly omitted any discussion of untimeliness in its ex-party application for the TRO. And secondly, the ALJ's decision was substantially supported by evidence regarding Global Horizons' untimeliness and their failure to prosecute diligently that issue. Finally, Global Horizons waived their constitutional challenges to the district court's TRO, in their TRO application by failing to set forth any constitutional argument whatsoever in their TRO application. All they did was relist allegations that were set forth in their complaint. They didn't discuss the ways in which they purport the regulations are unconstitutional. How about the application for preliminary injunction? There's no discussion. It's a repetition of arguments, wholly unsupported. And as this court knows, and I will reference the Gilbert case, which is cited in our brief, this court does not review constitutional claims that are based on insufficiently developed records. The Gilbert case can be found at 80 F3rd at 367 footnote one. I think the court's questioning has touched on a lot of the issues that I was gonna go into in detail. I will underscore, however, that Global Horizons has been in business since at least 2003. They had in-house counsel. They knew about the stringent deadlines, which, by the way, were promulgated after rulemaking. There was nothing unconstitutional about setting strict deadlines, particularly in this context where congressional intent was clear. They wanted an expedited processing of these applications. Global Horizons knew they were under investigation. They knew that a decision would be forthcoming. They received the notice at headquarters on a weekday, a Thursday. The notice was sent by certified mail. They had received prior debarment notices by certified mail, so they should not have been surprised that it wasn't sent by overnight mail, as they suggest in their brief. The notice was an official notice from the Department of Labor, which set forth grounds for debarment, set forth the deadline that they would have to request a de novo hearing, and the notice stated that the finding of the secretary would become final absent a timely request for hearing. Yet, Global Horizons failed to immediately read and respond to the certified letter, and they have offered to this date no satisfactory explanation for the eight days it took them to request a de novo hearing. Even when they requested the hearing, they completely ignored the fact that the request was untimely, and they did not establish any entitlement to an extension. The court doesn't have any further questions. Thank you, Your Honor. Thank you. I'd just like to respond to three quick things. ER 67 to 69 is the record and the application of the TRO in which Global presents the due process and legal challenges to the regulations on their face, so contrary to my colleague's representation, actually they were raised before the district court properly. The other issue is that the opposing counsel mentioned that there's no satisfactory explanation for the delay. What is notable is that there was an explanation. The ALJ didn't like it, but there was an explanation in the record. It is notable that the record, that under the regulations, the letters that you have seven days to reply from the date that this letter was prepared, it arrived on the seventh day, rendering compliance completely impossible. The district court waived that time in its decision and said, well, you only had seven more days. What is, I think, important to realize is that this was an $11 million corporation. It gets more than one piece of mail every single day, and there was no urgency or no other way in which this letter was marked to have attention. I think the regulations, in other contexts, recognize that people and businesses need reasonable time. Under the federal rules, the government gets 60 days to reply, recognizing that as a big infrastructure. Are you suggesting somebody who opened the mail thought they had 60 days? No, but I think it recognizes the reality of American businesses, which is that a number of letters come in and that it allows for people's letters  But we don't have any facts at all to know how many, who it went to, what they did with it. Isn't it true, isn't counsel correct that the statutes were set up for quick determination? And our contention is once notice is provided, it is. However, opposing counsel misspoke, which is under 6512, the regulations do not provide for quick requests for review. It's simply silent on that point. That silence is being challenged in the TRO as not having the adequate protections and procedures that it needs to have to comply with due process. And that was raised at excerpt 6769? 676869 is the section in which it raises those issues. And third, regarding the survival of the business, to contend that it's disingenuous, if we're going to go outside of the record, I'd just like to bring the court's attention, the multiple motions that have been filed in this court to expedite this hearing, to have an emergency stay. And in those proceedings, they were accompanied by motion showing that the very debilitating effect that this case is having on the company. With that in mind, I think this is very distinguishable from the LA Coliseum case, in which it held that temporary economic harm cannot be irreparable harm. What's notable is that that case expressly held that when the business is threatened, and actually said that because the Coliseum did not say that it will go out of business or the Raiders football team will go out of business, that that is irreparable harm. That is precisely what was presented to the district court, that a failure to enjoin will put the company out of business and that's the issue that the district court needed to raise and evaluate when determining whether injunction relief was proper. Let me ask you a question. I know your time's gone. I was looking for this in the record. You say 67 to 69. That's the ALJ's report. Oh, no, this is the ER. This is appellant's excerpts of record. It's the plaintiff's application. Appellant's application. And that's in your excerpt. Yes. Thank you. Thank you very much. I think your time has expired. And again, convey our thanks and a special thanks to Judge King for allowing us to have this hearing. Thank you very much. The case of Global Horizons, Zing versus the United States Department of Labor, case number 0755116 is now submitted. And we will call the case of Medway versus.
judges: Wallace, Nelson, Smith